NO. 07-04-0077-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2004

_____

DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS

V.

TED SCOTT, M.D., ET AL., APPELLEES

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,918; HONORABLE J. BLAIR CHERRY, JR., JUDGE[1]

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**NOTICE OF BANKRUPTCY**

Appellants Dale Sue Jones and Stanley Ray Jones perfected this appeal to

challenge the trial court's order dismissing their health care liability claim against appellees.

_____

[1]The district clerk's certificate reflects that the Honorable Richard Dambold, sitting
by assignment, presided at trial.

Both the clerk's record and reporter's record have been filed. On November 19, 2004, the Joneses filed a notice of bankruptcy. Attached to the notice is a "Chapter 13 Plan" from the United States Bankruptcy Court for the Western District of Oklahoma bearing a file stamp of August 12, 2004. Pursuant to 11 U.S.C. § 362, an automatic stay is imposed prohibiting the commencement or continuation of any judicial actions or proceedings against a debtor.

Pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure, the appeal is suspended.[2] For administrative purposes, the appeal is removed from the docket and abated. Any documents filed subsequent to the bankruptcy petition will remain pending until the appeal is reinstated. The appeal will be reinstated upon proper showing from the United States Bankruptcy Court for the Western District of Oklahoma that the stay has been lifted and a request for specific action by this Court. Tex. R. App. P. 8.3(a).

Accordingly, the appeal is abated.

Per Curiam

---

[2]Although the notice of bankruptcy does not include an authenticated copy of the page reflecting the date the petition was filed as required by Rule 8.1(e), pursuant to Rule 2, we suspend the operation of subsection (3) and abate this appeal.